JOHN S. LEONARDO
United States Attorney
District of Arizona
ANN L. DEMARAIS
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: ann.demarais@usdoj.gov
Attorneys for Plaintiff

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUL 2 1 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>                        Plaintiff,<br><br>            vs.<br><br>Selena Maturo,<br><br>                        Defendant. | CR 16- 00750 -Tuc-JAS (DTF)<br>Mag No: 16-4288M<br><br>PLEA AGREEMENT<br><br>(Fast Track § 5K3.1/<br>Government Savings § 5K2.0) |
| --- | --- |

The United States of America and the defendant agree to the following disposition of this matter:

PLEA

1.      The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with a felony violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(D), Conspiracy to Possess with Intent to Distribute Marijuana.  Count Two of the Indictment will be dismissed at sentencing.

Elements of the Offense

2.      The elements of the offense are as follows:

a.      The defendant agreed with at least one other person to commit the crime of Possession with Intent to Distribute Marijuana as charged in the Indictment;

b.      The defendant became a member of the conspiracy knowing that its object was the Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(D), and intending to accomplish said object.

As a sentencing factor, the government would be required to prove the quantity of marijuana possessed.

<u>Maximum Penalties</u>

3. The defendant understands that the maximum penalties for the offense to which he/she is pleading are a fine of $250,000.00, a maximum term of 5 years imprisonment, or both, and a term of between two (2) years and lifetime supervised release.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

<u>Drug Conviction & Immigration Consequences</u>

6. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The

- 2 -

defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

STIPULATIONS, TERMS AND AGREEMENTS

Agreements Regarding Sentencing

8.      Guideline Calculations: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level (10-20 kg marijuana) | 2D1.1(c)(13) | 14 |
| Safety Valve | 2D1.1(b)(17) | -2/0* |
| Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |
| Early Disposition/Government Savings | 5K3.1/5K2.0 | <u>-4</u> |
| Total Adjusted Offense Level: | | 6/8 |

*Only applies if defendant satisfies all requirements of U.S.S.G. § 2D1.1(b)(17) & 5C1.2.*

9.      The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

10.      Sentencing Range:  Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense:

0 to 6 months imprisonment if defendant's Criminal History Category is I;

4 to 10 months imprisonment if defendant's Criminal History Category is II;

6 to 12 months imprisonment if defendant's Criminal History Category is III;

10 to 16 months imprisonment if defendant's Criminal History Category is IV;

15 to 21 months imprisonment if defendant's Criminal History Category is V;

18 to 24 months imprisonment if defendant's Criminal History Category is VI.

11.     The defendant may withdraw from the plea agreement if he/she receives a sentence in excess of the stipulated ranges listed above.

12.     If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.  If the defendant argues for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated ranges in this agreement, the government may oppose the requested variance. The government will not withdraw from the agreement if the defendant argues for a variance below the stipulated range in this agreement or if the court grants such a variance.

13.     If there are any co-defendants in this case, this plea agreement is contingent upon the successful guilty pleas of all co-defendants.  If any of the co-defendants do not plead guilty in this case, the government reserves the right to withdraw from the plea agreement.

14.     The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

15.     The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

16.     The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

- 4 -

17.    If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

Forfeiture

18.    Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

Waiver of Defenses and Appeal Rights

19.    Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 24 months imprisonment and is within the stipulated range or below the stipulated range if the Court grants a variance. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the

dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

20.     If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Plea Addendum

21.     This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent

1   and refuse to be a witness against myself by asserting my privilege against self-
2   incrimination; all with the assistance of counsel; to be presumed innocent until proven
3   guilty beyond a reasonable doubt; and to appeal.

4       I agree to enter my guilty plea as indicated above on the terms and conditions set
5   forth in this agreement.

6       I have been advised by my attorney of the nature of the charge to which I am
7   entering my guilty plea.  I have been advised by my attorney of the nature and range of
8   the possible sentence, and that I will not be able to withdraw my guilty plea if I am
9   dissatisfied with the sentence the court imposes.

10      My guilty plea is not the result of force, threats, assurance or promises other than
11  the promises contained in this agreement.  I agree to the provisions of this agreement as a
12  voluntary act on my part, rather than at the direction of or because of the recommendation
13  of any other person, and I agree to be bound according to its provisions.  I agree that any
14  Sentencing Guidelines range referred to herein or discussed with my attorney is not
15  binding on the Court and is merely an estimate.

16      I agree that this written plea agreement contains all the terms and conditions of my
17  plea and that promises made by anyone (including my attorney) that are not contained
18  within this written plea agreement are without force and effect and are null and void.

19      I am satisfied that my defense attorney has represented me in a competent manner.

20      I am not now on or under the influence of any drug, medication, liquor, or other
21  intoxicant or depressant, which would impair my ability to fully understand the terms and
22  conditions of this plea agreement.

23                          Factual Basis and Relevant Conduct

24      I further agree that the following facts accurately describe my conduct in
25  connection with the offense to which I am pleading guilty and that if this matter were to
26  proceed to trial the government could prove the elements of the offense beyond a
27  reasonable doubt:

28

On or about March 20, 2016, at or near Whetstone, in the District of Arizona, Selena Maturo was a passenger in a rented 2016 Ford Focus that was being driven by Ariana Elizabeth Haro. The vehicle was subject to inspection at a United States Border Patrol checkpoint on State Route 90. The vehicle contained 14 kilograms of marijuana concealed in a suitcase, a backpack and a tote bag in the trunk. Maturo knew the vehicle contained an illegal narcotic and she admits the narcotic was marijuana. Maturo had made an agreement with Haro and with parties known and unknown to deliver the marijuana to another person. Maturo intended to be compensated for her participation in the marijuana smuggling conspiracy.

7/21/16
_____
Date

_____
Selena Maturo
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, 2016.

Date: 7/21/16

_____
Lance Justin Wood, Esq.
Attorney for Defendant

/ / /

- 8 -

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

Date: 7/21/16

ANN L. DEMARAIS
Assistant U.S. Attorney